IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRENDA J. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-123-SLR |
| | ) | |
| CONNECTIONS COMMUNITY | ) | |
| SUPPORT PROGRAMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Brenda J. Owens, Wilmington, Delaware. Pro Se Plaintiff.

James H. McMackin, III, Esquire, Morris James LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: January 6 , 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Brenda J. Owens ("plaintiff") filed this lawsuit alleging wrongful termination in violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 through § 2654. She also raises supplemental state claims. (D.I. 2, 22) Plaintiff proceeds pro se and has paid the filing fee. Presently before the court are defendants' motions to dismiss as well as numerous discovery motions filed by plaintiff. (D.I. 13, 27, 38, 50, 51, 52, 54, 55, 58, 59) For the reasons discussed, the court will grant in part and deny in part the motion to dismiss in part the amended complaint, will deny as moot the motion to dismiss the original complaint, will deny the motions to compel, and will deny the motions for sanctions.

## II. BACKGROUND

Plaintiff filed her original complaint February 9, 2011. (D.I. 2) On May 11, 2011, defendants filed a motion to dismiss the complaint in part. (D.I. 13) Thereafter, plaintiff filed an unopposed motion for leave to amend, the motion was granted, and an amended complaint was filed on June 22, 2011.[1] (D.I. 19, 22) Defendants' motion to dismiss became moot upon the filing of the amended complaint. However, on July 8, 2011 defendants filed a motion to dismiss the amended complaint in part. (D.I. 27) Plaintiff opposes the motion.

Plaintiff began her employment with defendant Connections Community Support Programs, Inc. ("Connections") as an employment specialist on June 12, 2007. She was assigned to the main office in Wilmington, Delaware. On January 12, 2009, she

---

[1]The amended complaint is incorrectly titled as the second amended complaint. (D.I. 22)

took leave pursuant to the FMLA and returned to work on March 3, 2009. The next day, plaintiff was advised that she was reassigned to the Cornerstone Alcohol and Drug Residential Program ("Cornerstone Program") in Delaware City, Delaware and that her caseload would be different from the one she had prior to her leave. Plaintiff had difficulties meeting her performance quotas in the Cornerstone Program due to different clientele, expressed her concerns, and was told not to worry. (D.I. 22,¶ 26)

In August 2009, plaintiff applied for a position with the Ministry of Caring, advised defendants of her interest in the position, received a letter of reference, but later advised defendants that she desired to continue her employment with Connections. Defendants advised plaintiff of an upcoming project that would interest her whereupon plaintiff called the Ministry of Caring and declined the position.

On September 17, 2009, defendants announced that employment specialists who did not meet their quotas would first receive a verbal warning, followed by a written warning, and then terminated. A week later the focus turned to training programs. Plaintiff voiced concerns regarding her quotas, but was again advised not to worry because training was a priority. (D.I. 22, ¶ 36) On October 2, 2009, plaintiff presented the office training program in a closed meeting. On October 22, 2010, defendants requested that plaintiff attend "an impromptu meeting" and advised her that she was terminated for not meeting monthly quotas. (D.I. 22)

The amended complaint contains nine counts:[2] (1) count 1 alleges a violation of the FMLA for failure to restore plaintiff to the position she held prior to leave; (2) count 2

---

[2]The amended complaint does not contain a count 3.

alleges a violation of the FMLA for interference of plaintiff's rights to be restored to her previous, or an equivalent, position upon return from leave; (3) count 4 alleges breach of implied contract; (4) count 5 alleges breach of implied covenant of good faith and fair dealing; (5) count 6 alleges retaliation; (6) count 7 alleges intentional and negligent infliction of emotional distress; (7) count 8 seeks punitive damages; (8) and count 9 alleges wrongful discharge.

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) there can be no action against employees of a non-public entity in their "official capacity"; (2) count 4 fails as a matter of law for failure to plead the elements of the implied contract claim; (3) count 5 fails to plead the elements of the breach of the implied covenant of good faith and fair dealing; (4) count 7 alleging intentional infliction of emotional distress is barred by the workers' compensation statute; (5) count 9 is duplicative of other claims; and (6) the damages sought are not available as a matter of law.

## III. MOTION TO DISMISS

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be

3

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

4

### B. Discussion

#### 1. Official capacity claims

The amended complaint raises claims against defendants Cathy McKay ("McKay"), Chris Devaney ("Devaney"), Chennita Crawford ("Crawford"), and Kenny Watson ("Watson") in their individual and official capacities. Defendants argue that there is no authority for filing an "official capacity suit" against employees of a private employer such as Connections. Therefore, they move to dismiss the official capacity claims.

The FMLA defines an "employer" as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii) (I). The language indicates an intent to provide for individual liability. *Spagnoli v. Brown & Brown Metro, Inc.*, 2007 WL 2362602, at *16 (D.N.J. Aug. 15, 2007); *Kilvitis v. County of Luzerne*, 52 F. Supp. 2d 403, 412 (M.D. Pa. 1999). This court has held that liability attaches under the FMLA when an employee has "exercised control" over a plaintiff's FMLA leave or otherwise acts on behalf of the employer. *See Gude v. Rockford Ctr. Inc.*, 699 F. Supp. 2d 671, 684 n.25 (D. Del. 2010) (citing *Spagnoli*, 2007 WL 2362602); *Hewett v. Willingboro Bd. of Educ.*, 421 F. Supp. 2d 814, 817–18 n.4 (D.N.J. 2006)).

Here, plaintiff names McKay, Devaney, Watson, and Crawford as defendants in their individual and official capacities. Generally, a suit against an public officer in his or her official capacity is used to compel that officer to take some official action. *See Beck v. FedEx Ground*, 2007 WL 2028581, at 2 (E.D. Cal. 2007). The concept, however, is inapplicable to suits against private parties where the entity is also susceptible to suit.

5

*Id.* Indeed, a suit naming an individual in his official capacity is considered a suit against the employer. *See Sampson v. School Dist. of Lancaster*, 2009 WL 1675083, at *5 n.5 (E.D. Pa. June 12, 2009); *Manns v. The Leather Shop Inc.*, 960 F.Supp. 925, 928 (D.V.I. 1997) ("finding an individual employee of a private corporation liable in his official capacity is tantamount to finding a corporation liable.") (citation and internal quotations omitted). Thus, if the employer is named as a defendant, the same discrimination claim against an employee in his official capacity is redundant. *Sampson,* 2009 WL 1675083, at *5, n.5; *Foxworth v. Pennsylvania State Police,* 2005 WL 840374, at *4 (E.D. Pa. Apr. 11, 2005); *Wheeles v. Nelson's Elec. Motor Services,* 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) (claims against supervisor in his official capacity "redundant" of claims against employer). *See also DeRay v. Larson,* 283 F. Supp. 2d 706, 709-710 (D. Conn. 2003) ("While such official capacity suits are necessary when the defendants are government officers and their state or federal employer has sovereign immunity, a plaintiff who sues a private entity does not contend with a sovereign immunity bar to suit, and thus does not need an official capacity suit to circumvent that immunity. As a result, it is unnecessary to allow a claim against a defendant in his or her official capacity when the entity of which he is an official is capable of being sued directly.).

Because the FMLA claims against McKay, Devaney, Watson, and Crawford in their official capacities are really claims against Connections, they are redundant. Accordingly, the court will grant the motion to dismiss the claims raised against McKay, Devaney, Watson, and Crawford in their official capacities.

## 2. Count 4 - breach of implied contract

Defendants move for dismissal of count 4 on the grounds that the amended complaint fails to plead the elements of an implied contract. Plaintiff responds that her pleadings and discovery can show that a contract was created through "Watson's statements and actions which secedes beyond Connections' disclaimer in [its] employer manual." (D.I. 31, ¶ C) Otherwise, plaintiff does not address the issue. Defendants do not contend that the employee handbook disclaimed an implied contract.

"A contract implied in law permits recovery of that amount by which the defendant has benefitted at the expense of the plaintiff in order to preclude unjust enrichment." *Powell v. Powell*, 2006 WL 136500 (Del. Com. Pl. Jan. 18, 2006) (citing *Barrett Builders v. Miller*, 576 A.2d 455 (Conn. 1990)). The essential elements of a quasi-contract are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation or realization of the benefit by the defendant; (3) and acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable to retain it without paying the value thereof. *See Id.* (citations omitted).

Count 4 alleges that plaintiff was misled by defendants when they first advised her that no immediate changes were necessary in her job performance, but then they issued a corrective oral action one month prior to her termination. Count 4 alleges that the corrective oral action created an implied contract that she would be given a fair chance to correct any performance deficiencies. Plaintiff received oral notification, but no written corrective action prior to her termination.

Plaintiff has failed to sufficiently plead that she conferred any direct benefit upon defendants. Hence, there is no basis for implying a contract between plaintiff and

7

defendants. Therefore, the court will grant the motion to dismiss count 4 of the amended complaint. Plaintiff, however, will be given leave to amend to correct the pleading deficiencies.

### 3. Count 5 - breach of implied covenant of good faith and fair dealing

Defendants move for dismissal of count 5 on the basis that it fails to allege the elements of a breach of the implied covenant of good faith and fair dealing. Plaintiff responds that the allegations are sufficient to support said claim.

Delaware imposes a "heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite." *E.I. DuPont de Nemours & Co. v. Pressman,* 679 A.2d 436, 440 (Del. 1996). However, every employment contract, including an at-will contract, contains an implied covenant of good faith and fair dealing. *See Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 101 (Del. 1992). The duty of good faith and fair dealing imposes a duty of candor on the employer; "the employer breaches the covenant when the employer's conduct constitutes fraud, deceit, or misrepresentation." *Id.* (citations omitted) An "employer acts in bad faith when it induces another to enter into an employment contract through actions, words, or the withholding of information, which is intentionally deceptive in some way material to the contract." *Id.*

The Delaware Supreme Court has identified four situations where an employee could bring a claim based on the implied covenant of good faith and fair dealing: (1) where termination violated public policy; (2) where the employer misrepresented an important fact and the employee relied on the misrepresentation either to accept a new

8

position or remain in the current one; (3) where the employer used its superior

bargaining power to deprive an employee of clearly identifiable compensation related to

the employer's past service; and (4) where the employer falsified or manipulated

employment records to create fictitious grounds for termination. *Pressman*, 679 A.2d at

442-44. These categories are narrowly defined and exclusive. *Id.*

Defendants contend that plaintiff's claim for breach of the implied covenant of

good faith and fair dealing fails to allege facts to bring the claim within one of the four

narrow *Pressman* categories. Liberally construing the allegations in the complaint, as

the court must, plaintiff has, in essence, alleged that Connections misrepresented or

misled her into remaining in her position with Connections when it indicated to her that

no changes were necessary in her job performance, acknowledged plaintiff's preference

to continue her employment with Connection, and advised her of an upcoming project of

interest to her. These allegations, if proved, would likely bring plaintiff's claim within the

second *Pressman* category, where an employer has misrepresented an important fact

and the employee relied upon to remain in her current position.

For the above reasons, the court will deny the motion to dismiss count 5.

### 4. Count 7 - intentional infliction of emotional distress

Count 7 alleges intentional and negligent infliction of emotional distress.

Defendants move for dismissal of count 7 on the grounds that said claim is barred by

the exclusivity provisions of Delaware's Workers' Compensation Act. Defendants also

move for dismissal of the emotional distress damages claim on the basis that said

damages are not available in claims alleging breach of the covenant of good faith and

fair dealing or for a breach of contract, absent physical injury or intentional infliction of

9

emotion distress.  Plaintiff does not address whether count 7 is barred by the Workers'

Compensation Act.  Instead, she argues that her allegations are sufficient to state a

claim of intentional and negligent infliction of emotional distress.

### a. Workers' compensation

Under Delaware law, the general rule is that the workers' compensation

administrative process is the exclusive remedy for an employee who has a work-related

accident causing personal injury or death.  *See* 19 Del. C. § 2304.  "[C]laims that involve

a true intent by the employer to injure the employee fall outside of the Workers'

Compensation Act and remain separately actionable as common law tort claims."

*Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 159 (Del. 2000); *see also*

*Showell v. Langston*, 2003 WL 1387142, at *3 (Del. Super. Mar. 5, 2003) (citing

*Rafferty*).  The law is settled in Delaware that work-related claims for intentional infliction

of emotional distress are "barred under the exclusivity provisions of the workmen's

compensation laws."  *Shockley v. General Foods Corp.*, 560 A.2d 491, 1989 WL 27782,

at *2 (Del. 1989) (table decision).  *See also Battista v. Chrysler Corp.*, 454 A.2d 286,

289 (Del. Super. 1982).  This court has no jurisdiction over plaintiff's claims of injury

while in the employ of defendant.  Accordingly, the court will grant defendants' motion to

dismiss plaintiff's work related claims, as the exclusive remedy lies under the Delaware

Workers' Compensation Act.  19 Del. C. §§ 2301-2391.

### b. Breach of contract; breach of covenant of good faith and fair dealing

Defendants move for dismissal of plaintiff's claim for emotional distress damages

on the grounds that said damages are not available in claims alleging breach of the

covenant of good faith and fair dealing or for a breach of contract. Defendants argue that plaintiff cannot make a case of intentional inflection of emotional distress, and no physical injury is alleged.

"[I]ntentional infliction of severe emotional distress may provide the legal predicate for an award of damages, even in the absence of accompany bodily harm, if such conduct is viewed as outrageous." *Tekstrom, Inc. v. Savla*, 918 A.2d 1171, 2007 WL 328836, at *6 (Del. 2007) (table decision) (quoting *Cummings v. Pinder*, 574 A.2d 843, 845 (Del. 1990). Here, the amended complaint, liberally construed, could be viewed as alleging outrageous conduct by defendants. Thus, pursuant to Delaware law, and liberally construing the amended complaint, the court will deny defendants' motion to dismiss.

Proof of physical injury, however, is required where there is a claim of emotional distress based on a negligence theory. *Brzoska v. Olson*, 668 A.2d 1355 (Del. 1995). Similarly, evidence of physical injury is required when the claim of emotional distress is based on a breach of contract. *Tackett v. State Farm Fire and Cas. Ins. Co.*, 653 A.2d 254 (Del. 1995). Count 7 alleges that, as a result of defendants' actions, plaintiff has suffered severe mental anguish and depression. At dismissal stage, the court finds that plaintiff's allegation of depression meets the physical injury requirement for a claim of negligent infliction of emotional distress. *See Fanean v. Rite Aid Corp. of Delaware, Inc.*, 984 A.2d 812, 820 (Del. Super. 2009) (defendant's negligence proximately caused plaintiff to suffer physical injury in the form of depression and anxiety); *Lupo v. Medical Ctr. of Delaware, Inc.*, 1996 WL 111132 (Del. Super. Feb. 7, 1996) (clinical depression

11

sufficient to establish genuine issue of material fact for purposes of defeating summary

judgment motion on the issue of negligent infliction of emotional distress).

The court liberally construes plaintiff's complaint and, therefore, will deny the

motion to dismiss the claim for damages contained in counts 4 and 5 for breach of an

implied contract and breach of the implied covenant of good faith and fair dealing,

respectively.

### 5. Count 8 - punitive damages

Defendants move to dismiss plaintiff's claim for punitive damages. Punitive

damages are not recoverable under the FMLA. *See Brown V. Nutrition Mgmt. Services,*

*Co.,* 370 F. App'x 267, 270 n.3 (3d Cir. 2010) (not published). In addition, generally a

plaintiff cannot recover punitive damages for breach of contract unless the conduct also

amounts independently to a tort. *Pressman,* 679 A.2d at 445. In *Pressman,* the

Delaware Supreme Court held that breach of the implied covenant of good faith and fair

dealing, in an employment relationship, was not an exception to the rule against punitive

damages in breach of contract cases. *Id.* at 448. Plaintiff has alleged only (1) breach of

the implied covenant of good faith and fair dealing; and (2) breach of contract. She has

has not alleged any conduct by her employer that would amount independently to a tort.

Accordingly, punitive damages are not available.

For the above reasons, the court will grant the motion to dismiss count 7 which

seeks punitive damages.

### 6. Count 9 - wrongful discharge

Defendants move to dismiss the wrongful discharge claim contained in count 9

on the grounds that the amended complaint advances statutory and common law

12

claims, making count 9 superfluous. Plaintiff argues that the wrongful discharge claim is not duplicative and opposes the motion.

Under Delaware law, claims for *prima facie* tort are not permitted in the employment context. *See Lord v. Souder*, 748 A.2d 393, 403 (Del. 2000). The Delaware Supreme Court has concluded that a wrongful discharge tort claim must be dismissed as inconsistent with the employment-at-will doctrine. It views the tort claim as an effort to maintain an action for wrongful discharge in contravention of the exclusive categories established by *E.I. duPont de Nemours & Co. v. Pressman*, discussed hereinabove at paragraph IIII.B.3.

Thus, pursuant to Delaware law, and in light of the allegations in the amended complaint, the court will grant defendants' motion to dismiss count 9.

## IV. DISCOVERY MOTIONS

Plaintiff has filed five motions to compel and three motions for sanctions, opposed by defendants. (D.I. 38, 50, 51, 52, 54, 55, 58, 59)[3] Generally, discovery does not take place until after an answer has been filed. Regardless, on July 11, 2011, plaintiff served upon defendants interrogatories and a request for production of documents. Plaintiff contends that defendants have not adequately, and timely, responded to her requests. (D.I. 38, 50, 59) On September 20, 2011, plaintiff served upon defendants a Second Requests for Admission of Facts. Plaintiff challenges the sufficiency of defendants' responses. (D.I. 51, 55)

---

[3]Docket item 51 is incorrectly docketed as a motion for more definite statement. It is a motion for an order to compel challenging the sufficiency of defendants' responses to plaintiff's request for admission of facts.

13

## A. July 11, 2011 Discovery Requests

Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The court has reviewed plaintiff's motions to compel, defendants' oppositions to the motions, as well as defendants' responses to the discovery requests at issue. While defendants have raised objections to some discovery requests, they also produced responsive discovery and, it appears, plaintiff has received documents numbering in the hundreds of pages. After reviewing the record, the court concludes that defendants adequately responded to plaintiff's discovery requests. Therefore, the court will deny the motions to compel. (D.I. 38, 50, 59)

## B. Second Request for Admission of Facts

Plaintiff challenges the sufficiency of defendants' response to request to admit 1. (D.I. 51, 55) The request referred to "Exhibit E," however, it was not attached to the request. Therefore, defendants initially denied the request. Exhibit E was provided to defendants and, despite plaintiff's position to the contrary, they appropriately responded to request to admit 1. (See D.I. 53, 57) Therefore, the court will deny plaintiff's motions

14

to compel that challenge the sufficiency of defendants' response to request to admit 1. (D.I. 51, 55)

### C. Sanctions

In light of the court's finding that defendants have adequately responded to plaintiff's discovery requests, the court will deny plaintiff's motions for monetary sanctions. (D.I. 52, 54, 58)

## V. CONCLUSION

For the reasons discussed above, the court will: (1) grant in part and deny in part the motion to dismiss in part the amended complaint; (2) deny as moot the motion to dismiss the original complaint; (3) deny the motions to compel; and (4) deny the motions for sanctions. (D.I. 13, 27, 38, 50, 51, 52, 54, 55, 58, 59) Plaintiff will be given leave to file a second amended complaint to correct the pleading deficiencies in count 4.

An appropriate order will be entered.

15